## Case No. 8,582.

### LOWRY v. The E. BENJAMIN.

[4 Pa. Law J. Rep. 25; 6 Pa. Law J. 277.]

District Court, E. D. Pennsylvania. 1847.

COURTS—ADMIRALTY JURISDICTION—AFFREIGHTMENT.

The district court has admiralty jurisdiction to enforce a contract of affreightment by a proceeding in rem.

[See The A. M. Bliss, Case No. 274.]

In admiralty.

Mr. Griscom, for libellant.

Blythe & Harris, for claimant.

KANE, District Judge. The facts, as admitted, are these: The E. Benjamin, a licensed boat or vessel, of eighty-six tons burden, having a mast and sails, is customarily employed in navigation from Pottsville, on the Schuylkill river, many miles above tidewater, via the canal and locks of the Schuylkill Navigation Company, to tidewater at Philadelphia, and thence by the tidewater of the Delaware & Raritan Canal, through it, and from its eastern débouché by the tidewaters of New York Bay to the city of New York. On the 15th of last month, she received, at Bound Brook, on the Raritan river, a cargo of hay, to be transported to Philadelphia, under a contract made between the libellant, as shipper, and Gibbons, who appeared as master. The hay having been injured during the voyage, this proceeding in rem was instituted by the libellant to recover his damages.

The questions presented by the record, and argued by the proctors of the parties, are two in number: 1. Has the district court of the United States, sitting as a court of admiralty, jurisdiction in cases of maritime affreightment? 2. Was the contract in this case one of that character? I have no doubt on either point.

1. The act of congress of 24th September, 1789 [1 Stat. 73], gives original cognizance to the district court of "all civil causes of admiralty and maritime jurisdiction;" and I cannot so understand this expression as to exclude from its import any case in which redress is sought by proceeding in rem on a contract "relating to the navigation, business or commerce of the sea." In saying this I do not mean to enter upon the question, which, in Delovio v. Boit [Case No. 3,776], and in Ramsey v. Allegre, 12 Wheat. [25 U. S.] 611, divided two of the most eminent jurists of this country, because I do not see in the report of Judge Johnston's opinion (12 Wheat. 611, et supra) that he doubted the jurisdiction of this court, in a case of maritime contract, where the proceeding against the person was only accidental, and the real redress sought was against the vessel. At a fitting time I shall not refuse to enter upon a discussion of the general subject; but for the present it is enough to decide that the contract of maritime affreightment may be enforced in this court by proceedings in rem.

2. Was this a contract of maritime affreightment? It has all the characteristics of such a contract. It was entered into at a place within the admiralty jurisdiction, the Raritan, at the point indicated, being within the ebb and flow of the tide; it was to be executed in part on the tidewaters of two considerable rivers, the Raritan and the Delaware, and the terminus was the port of Philadelphia. It regarded the transportation of merchandise on board a vessel navigating from one revenue district of the United States to another. It was, in a word, the contract of affreightment, which, by the maritime law, as universally understood, operates as a hypothecation of the vessel in favor of the shipper of the goods, and gives him a preference for the amount of damages his goods may sustain over a general creditor of the owner. The Rebecca [Case No. 11,619]. I do not distinguish this case in any respect from that of Howe v. The Lexington [Id. 6,767a], in the Eastern district of New York, nor from that of Knox v. The Ninetta [Id. 7,912], decided by my immediate predecessor in this court in 1843. They cover the entire case, and I will not weaken the argument in them by repeating it.

I may add, as the point was alluded to in

the argument. though not pressed, that the ordinary occupation of the vessel cannot affect her liabilities for the particular voyage. The canal-boat, like the steamer, does not become a subject of maritime regulation by merely descending from a canal or a river to its outlet upon the tide. But though such has been her general voyage, when she passed out upon the high seas, she becomes by the very act amenable at once to the jurisdiction of the admiralty. The exception to the jurisdiction of this court is overruled; and the party intervening has liberty to answer upon the merits before the 24th day of the present month; otherwise the decree of condemnation to be entered pro confesso.

Vide The Mary Washington [Case No. 9,229]; The Huntress [Id. 6,914]; The Eddy, 5 Wall. [72 U. S.] 481.

[On appeal to the circuit court the libel was dismissed for want of jurisdiction. Case unreported. The case was again before the court on a question of costs. Case No. 8,565.]